

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

September 7, 2022

**Via ECF**
The Honorable Judge James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Jairam, et al. v. Uptown Communications & Electric, Inc., et al.**
      **20-CV-5543 (JRC)**

Dear Judge Cho:

Our office represents Pravesh Jairam, Rocky Ramdial, Anderson Birju, Nigel Alleyne, Rejesh Rampaul and Bryan Joseph (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Uptown Communications & Electric, Inc. ("Uptown"), Jonathan Smokler, Christian Cabezas, and Daniel Greenberg (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following two separate Court-annexed mediation sessions and continued negotiations through the parties' agreed-upon mediator.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable

a.  The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action for the global amount of $35,000.00, including Plaintiffs' counsel's fees (which are addressed below).

b.  The Parties' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that,

as former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

Plaintiffs were employed as technicians and installers for Uptown. Plaintiffs alleged that they were employed for various time period within the six year statutory period under NYLL, however, Plaintiffs acknowledged a cut-off of November 2017 for their wage-and-hour claims due to a prior class action lawsuit. As such, each Plaintiff's claim covered a period from twelve to eighteen months.

During the relevant statutory period, Plaintiffs alleged that they were regularly required to work in excess of forty (40) hours per week, including up to sixty (60) hours per week. However, Plaintiffs alleged that they were only compensated at hourly rates up to their first forty (40) hours and were not compensated at all for their overtime hours.

Plaintiffs also alleged that they entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Defendants vehemently disputed Plaintiffs' allegations. Defendants contended that Plaintiffs did not work in excess of 40 hours and their time and pay records supported the contention that Plaintiffs were paid in full for all hours worked. Defendants also provided documents in support of their contention that Plaintiffs were lawfully compensated pursuant to Defendants' commission plan. Defendants were confident they would have been successful on a motion for summary judgment had this matter not settled.

As such, the parties agreed to a global settlement of $35,000.00 after two Court-annexed mediations and continued negotiations through the mediator thereafter. Settlement allows both parties to avoid the anticipated costs and burdens of continued litigation over the remaining factual disputes and gives both parties certainty of the outcome of this litigation.

c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $35,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the records and defenses maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after multiple mediation sessions before a qualified and experienced Court-certified mediator with all parties present. The parties had genuine, bona fide factual

disputes, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

**II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 3 of the Settlement Agreement is appropriately-tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

**III.    Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses**

   **a.  Distribution to Plaintiffs**

The parties agreed to a global settlement of $35,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $22,363.00 after the requested attorneys' fees and reimbursement of expenses. Each Plaintiff will receive an equal share of $3,727.17. Plaintiffs believe this is an equitable distribution of the settlement proceeds as each Plaintiff claimed very similar or same time periods, hourly rates, and hours worked. Each Plaintiff's claim for alleged unpaid wages was within of a range a few thousand dollars of each other. Further, Plaintiffs unanimously agreed to an equal distribution of the proceeds based on the above considerations.

   **b.  Requested Attorneys' Fees and Expenses**

Plaintiffs' counsel respectfully requests $1,456.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00

- the costs of multiple attempted service and actual service of the Summons and Complaint on all Defendants: $756.00
- the cost of the Court-annexed mediation: $300.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($33,544.00) or $11,181.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $12,637.00.[1]

**Settlement Amount:** $35,000.00
**Attorneys' Expenses:** $1,456.00
**Net Settlement Amount:** $33,544.00 ($35,000.00 - $1,456.00)
**Requested Attorneys' Fees:** $11,181.00 ($33,544.00 / 3)
**Total payable to Attorneys:** $12,637.00 ($11,181.00 + $1,456.00)
**Total payable to Plaintiffs:** $22,363.00 ($35,000.00 - $12,637.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients and are attached hereto as **Exhibit 2.** Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs. Lastly, in support of this fee request, please find Plaintiffs' counsel's contemporaneous time records, qualifications and lodestar calculation attached hereto as **Exhibit 3**.

### IV.   Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program and a highly-qualified wage-and-hour mediator. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

---

[1] The amount to be received by Plaintiffs' counsel pursuant to the Agreement is $12,636.98 to accommodate allowing each Plaintiff to receive an equal share of the settlement proceeds.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.